**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOSHUA T. JACKSON, #2006110245**                                   **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:08-cv-154-HSO-JMR**

**SHERIFF DAVID ALLISON**                                       **DEFENDANT**

<u>**ORDER AND REASONS**</u>

      Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on April 17, 2008. On April 21, 2008, an Order [3] was entered in this action directing Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within 30 days. The Order [3] was mailed to the Plaintiff at his last known address. The envelope [5] containing the Order [3] entered on April 21, 2008, was returned to this Court on May 6, 2008, by the postal service with a notation "return to sender - not deliverable as addressed unable to forward."

      Out of an abundance of caution, on August 20, 2008, an Order [6] was entered directing Plaintiff to show cause, on or before September 9, 2008, why this case should not be dismissed for his failure to timely comply with the Court's Order [3] of April 21, 2008. The show cause Order [6] warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his complaint, without further notice. On August 29, 2008, the envelope [7] containing the Order to show cause [6] was also returned by the postal service with a notation ""return to sender - not deliverable as addressed - unable to forward." Plaintiff has not complied with the Orders of this Court nor has he advised the Court of his current address.

Plaintiff failed to comply with two Court Orders and he has not contacted this Court since April 17, 2008, when he filed the instant civil action. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendant has never been called upon to respond to Plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's Order of dismissal should provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order will be entered.

SO ORDERED, this the 16th day of September, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE